UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CARLOS PARKER | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | SECTION: " " |
| | * | |
| ABDON CALLAIS OFFSHORE, LLC | * | MAG. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## SEAMEN'S COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Carlos Parker, a Jones Act seaman and person of full age and majority, domiciled in the City of Sumrall, State of Mississippi, who respectfully avers as follows:

### I.

This action is brought pursuant to Title 46 U.S.C. § Section, 688, the Jones Act, and all statutes supplemental and amendatory thereto, and pursuant to the General Maritime Laws of the United States.

### II.

Abdon Callais Offshore, LLC, a named defendant herein, is a Louisiana corporation authorized to do and doing business within Louisiana at the time of the incident complained of herein, and is liable unto Plaintiff, Carlos Parker, for claims of the nature asserted herein.

**III.**

Upon information and belief, on or about August 11, 2013, the plaintiff, Carlos Parker, was employed as a deckhand by defendant, Abdon Callais Offshore, LLC and assigned to the M/V CALLAIS PROVIDER.

**IV.**

On or about August 11, 2013, the M/V CALLAIS PROVIDER was owned, operated and/or controlled by defendant, Abdon Callais Offshore, LLC.

**V.**

On or about August 11, 2013, as plaintiff, Carlos Parker, was performing his assigned duties aboard the M/V CALLAIS PROVIDER at Venice, Louisiana, he slipped and fell in the engine room of the vessel when an unsecured or improperly secured deck plate slid as plaintiff stepped on it.

**VI.**

As a result of the incident, plaintiff, Carlos Parker, sustained serious, painful and permanent injury to his mind and body, including but not limited to, his head, neck, back and knee.

**VII.**

The incident and resulting injuries described above were caused by the negligence of the defendant, Abdon Callais Offshore, LLC, in the following particulars:

a)     Failing to provide plaintiff with a safe place to work;

b)     Failing to keep the deck plates of the engine room in a reasonably safe condition.

c)     Failing to warn plaintiff about the loose deck plate in the engine room;

d)     Failing to adequately and reasonably inspect the deck plates in the engine room;

e)     Failing to keep the deck plates in the engine room properly and adequately secured; and

f)     Any and all other acts and/or omission of negligence that will be shown at the trial of this matter.

## VIII.

At all pertinent times hereto, M/V CALLAIS PROVIDER was unseaworthy in one or more of the following respects, to-wit:

a)     Failing to provide plaintiff with a safe place to work;

b)     Failing to keep the deck plates of the engine room in a reasonably safe condition.

c)     Failing to warn plaintiff about the loose deck plate in the engine room;

d)     Failing to adequately and reasonably inspect the deck plates in the engine room;

e)     Failing to keep the deck plates in the engine room properly and adequately secured; and

f)     Other unseaworthy conditions to be determined at a trial of this action.

## IX.

In accordance with the Jones Act, the defendants are liable unto the plaintiff, Carlos Parker, for the following damages:

a)     Past, present and future medical expenses;

b)     Past, present and future physical pain and suffering;

c)     Past, present and future mental and emotional pain and suffering;

d)     Past and future loss of wages and loss of earning capacity;

e)     Loss of enjoyment of life;

f)     Loss of economic horizons;

3

g)     Punitive damages for defendant's arbitrary, capricious, willful and wanton failure and/or refusal to provide plaintiff with prompt medical treatment; and

h)     Any and all other damages to be shown at a trial of this action.

## X.

Plaintiff, Carlos Parker, is entitled to maintenance and cure benefits from the above referenced defendant, Abdon Callais Offshore, LLC, until such time as he reaches maximum medical cure; and plaintiff is entitled to recover attorney's fees, compensatory and punitive damages in the event that the defendant, Abdon Callais Offshore, LLC is found to have unreasonably, arbitrarily, willfully and wantonly refused to pay or discontinued maintenance and cure benefits.

**WHEREFORE,** for the above and foregoing reasons, plaintiff, Carlos Parker, requests that the defendant, Abdon Callais Offshore, LLC, be served with a copy of this Seaman's Complaint and that after all legal proceedings and due delays are had, there be judgment in favor of plaintiff, Carlos Parker, and against the defendant, Abdon Callais Offshore, LLC for damages detailed herein, the reasonable sum of which is FIVE MILLION DOLLARS AND NO/100 ($5,000,000.00), plus interest from the date of the incident until paid, all costs of these proceedings, and for all other general, equitable, and maritime relief.

Respectfully submitted,

**UNGAR & BYRNE**

/s/ *George W. Byrne, Jr.*
EVETTE E. UNGAR (#29013)
GEORGE W. BYRNE, JR. (#3744)
CHERYL L. WILD (#28805)
650 Poydras St., Suite 2005
New Orleans, Louisiana 70130
Telephone No.: (504) 566-1616
Facsimile No.:  (504) 566-1652

4

E-Mail: eungar@ungarlawyers.com
E-Mail: georgewbyrnejr@ungarlawyers.com
E-Mail: cwild@ungarlawyers.com
*Counsel for Plaintiff, Carlos Parker*

**PLEASE SERVE:**

ABDON CALLAIS OFFSHORE, LLC
Through its Agent For Service of Process
CHARLES MICHAEL CALLAIS
1300 North Alex Plaisance Blvd.
Golden Meadow, LA 70357